UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

DONNA M. WHITE )
    Plaintiff, )
)
vs. ) Cause No.:
)
)
AMERIQUAL GROUP, LLC ) 3 : 08-cv- 76 -RLY-WGH
    Defendant. )

COMPLAINT FOR DAMAGES
(Demand for Jury Trial)

Comes now the Plaintiff, Donna M. White, and for her cause of action against the Defendant, states as follows:

I.
NATURE OF CAUSE

1. This action is brought under the provisions of the Family Medical Leave Act, 29 U.S.C.A. §§ 2601, *et seq.* ("FMLA") and under 28 U.S.C.A. §1331, §1332 and §1343 to redress and enjoin unlawful employment practices.

II.
JURISDICTION

2. At all times relevant hereto, Plaintiff Dona M. White ("Donna") resided at 1122 Parrish Street in Mt. Carmel, Illinois.

3. At all times relevant hereto, Defendant, Ameriqual Group, LLC ("Ameriqual") was a duly organized Indiana limited liability company.

4. At all times relevant hereto, Ameriqual's principal place of business was in this judicial district.

5. Ameriqual employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto and therefore was an "employer" under the FMLA.

6. Donna had worked for Ameriqual for more than twelve hundred and fifty (1250) hours in the twelve (12) months preceding her request for medical leave and therefore was an "eligible employee" under the FMLA.

III.
GENERAL ALLEGATIONS

7. On or about October 9, 2006, Ameriqual hired Donna to work at its food plant ("Ameriqual food plant") located on Highway 41 in Evansville, Indiana.

8. At the time of her hire, Donna's job title was that of assembly line inspector and her initial rate of pay was $9.75 per hour.

9. In addition to her job duties as an assembly line inspector, at times during her employment with Ameriqual, Donna would clean offices at the Ameriqual food plant.

10. At all times relevant hereto, Donna performed the essential functions of her job duties and met or exceeded Ameriqual's performance expectations.

11. In December of 2007, Donna's normal shift at Ameriqual began at 4:00 p.m. and ended at 1:30 a.m.

12. On or about December 6, 2007, Donna was working her normal shift at Ameriqual when she learned that her husband, George E. White, was having heart related medical problems and difficulties breathing.

13. As such, George E. White was taken to Gibson General Hospital.

14. Donna finished her shift and went to see her husband at Gibson General Hospital.

15. In the early morning hours of December 7, 2007, George E. White's condition was so serious that it necessitated him being transported by ambulance from Gibson General Hospital to Deaconess Hospital in Evansville, Indiana.

16. At approximately, 6:15 a.m. on December 7, 2007, Donna called Ameriqual's absenteeism line and informed Ameriqual of the situation and her need to request FMLA leave to attend to her husband.

17. Later that morning Donna called Angie in the Human Resource Department of Ameriqual and once again informed of the situation with her husband and the need to take FMLA leave.

18. Angie told Donna that she would need to stop by the Ameriqual food plant to pick up paperwork for the doctor to fill out in regard to George E. White's medical condition and Donna's FMLA leave.

19. On Donna's way to Deaconess Hospital and just after her husband had a heart attack, Donna went to the Ameriqual food plant and was made to wait for approximately an hour while the paperwork was supposedly being gathered.

20. During this time span, Donna's daughters waited in the car outside the Ameriqual food plant.

21. Finally, Lori with the Human Resource Department of Ameriqual came down to see Donna and informed Donna that she was fired.

IV.
CAUSES OF ACTION

**Count I.
Violation of the FMLA**

22. Donna incorporates herein by reference the material allegations contained in paragraphs 1-21 above.

23. Donna provided Defendant with as much notice as she reasonably could and requested FMLA-protected medical leave due to her husband's heart attack and other serious health conditions all of which met the definition of the phrase "serious health condition" as defined by 29 U.S.C.A. § 2611 (11).

24. Ameriqual certainly had been provided with enough information to know that Donna was eligible for FMLA leave to care for her husband.

25. Yet, Ameriqual failed to provide Donna with FMLA-protected medical leave afforded Donna as detailed in 29 U.S.C.A. § 2612 and retaliated against Donna by terminating her employment because Donna exercised her FMLA rights, all of which constitute violations of 29 U.S.C.A. § 2615 by Ameriqual.

26. Said termination is unlawful and in retaliation for Donna exercising her rights under the FMLA.

**Count II.
Intentional Infliction of Emotion Distress**

27. Donna incorporates herein by reference the material allegations of paragraphs 1-26 above.

28. Ameriqual engaged in extreme and outrages conduct described herein.

29. Ameriqual engaged in the conduct with the intent to cause and in the reckless disregard of the probability of causing Donna to suffer emotional distress.

30. As a proximate result of Ameriqual's conduct, Donna suffered emotional distress.

## Count III.
## Retaliation

31. Donna incorporates herein by reference the material allegations of paragraphs 1-30 above.

32. Donna engaged in a protected activity by reporting her husband's condition to the management of Ameriqual and requesting FMLA leave.

33. Donna was terminated almost immediately after she requested FMLA leave from management of Ameriqual.

34. A causal connection exists between Donna's informing management of her Request for FMLA leave and Ameriqual's termination of her.

35. Donna suffered damages as a result of Ameriqual's retaliatory conduct.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant including but not limited to:

a. Compensatory damages, including but not limited to compensation for Plaintiff's emotional suffering and mental anguish and for the damage to Plaintiff's professional reputation, all in an amount to be proved at trial and other non-pecuniary damages in an amount to be determined at trial;

b. Back pay, prejudgment interest on the back pay and other compensations due and owing, compensation for the loss of her health insurance coverage, retirement benefits, vacation pay, and other benefits;

c. Punitive damages in an amount to be determined at trial;

d. Front pay;

e. Injunctive relief enjoining Defendant from continuing to foster a discriminatory workplace;

f. Costs incurred in pursuing this action, including reasonable attorney fees and the fees of Plaintiff's experts, if any;

g. This Court retaining jurisdiction of this action to ensure full compliance by Defendant with the Court's judgment and decree; and

h. All such other relief to which Plaintiff may be entitled and which may be just and proper in the premises.

_____
Lane C. Siesky, Atty. No. 21094-53
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
ATTORNEY FOR PLAINTIFF

## RESERVATION OF RIGHTS

Pursuant to the rules of pleading and practice, Plaintiff reserves the right to assert additional violations of Federal Law and to assert violations of State Law.

_____
Lane C. Siesky, Atty. No. 21094-53
SIESKY LAW FIRM, PC
4424 Vogel Rd., Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury on all counts of this Complaint.

                              _____
                              Lane C. Siesky, Atty. No. 21094-53
                              SIESKY LAW FIRM, PC
                              4424 Vogel Rd., Suite 305
                              Evansville, Indiana 47715
                              Telephone: (812) 402-7700
                              ATTORNEY FOR PLAINTIFF